[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**October 6, 2005**
**THOMAS  K. KAHN**
**CLERK**

_____

No. 05-11157
Non-Argument Calendar

_____

D. C. Docket No. 04-00109-CR-T-27-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR ESTUARDO CRUZ TORRES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 6, 2005)**

Before BIRCH, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Cesar Estuardo Cruz Torres ("Torres") appeals his 97-month sentence for

two drug charges.  On appeal, Torres argues that the district court clearly erred by denying his request for a minor-role reduction pursuant to U.S.S.G. § 3B1.2(b) (2005).  We AFFIRM.

## I. BACKGROUND

According to the Presentence Investigation Report, a U.S. Coast Guard team boarded a fishing vessel, the "El Almirante," on 7 March 2004, and seized 133 bales of cocaine, weighing 2,629 kilograms.  The El Almirante had a four-man crew and one captain.  Torres was one of four crew members aboard the ship.  The El Almirante had obtained the cocaine at sea from another fishing vessel, the "Siete Mares."  The Coast Guard later intercepted the Siete Mares, which had six crewmen and a captain, and found traces of cocaine aboard that vessel.

In a two-count indictment, a grand jury charged Torres and other defendants with: (1) possession with the intent to distribute cocaine, in violation of 46 U.S.C. app. § 1903(a), (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii), (Count 1); and (2) conspiracy to possess with intent to distribute cocaine, in violation of 46 U.S.C. app. § 1903(a), (g), (j), and 21 U.S.C. § 960(b)(1)(B)(ii), (Count 2).  The district court accepted Torres's guilty plea as to Counts 1 and 2.

The probation officer determined that Torres's base offense level was 38, pursuant to U.S.S.G. § 2D1.1(c)(1), because the offense involved more than 150

kilograms of cocaine. Since Torres met the five criteria set forth in U.S.S.G. § 5C1.2, safety valve, the probation officer reduced his offense level by two, resulting in an adjusted offense level of 36. No adjustment was given for his role in the offense. Torres was granted a two-level reduction in his offense level as an adjustment for his acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and a one-level reduction for assisting the authorities in the investigation of the offense pursuant to U.S.S.G. § 3E1.1(a) and (b), resulting in a total offense level of 33. Torres had no criminal history points, so he was assigned a criminal history category of I, resulting in a guideline imprisonment range of 135-168 months.

Torres objected to the officer's failure to provide a two-level reduction for having a minor role in the offense, pursuant to U.S.S.G. § 3B1.2(b). According to Torres, his role in the conspiracy ought to be compared to the roles of higher-level conspirators involved in planning the importation of cocaine, rather than to his fellow crew members who were involved only in moving the cocaine between ships.

At the sentencing hearing, the court overruled Torres's objection that he was entitled to a minor role reduction, finding that Torres was being held responsible only for the quantity of cocaine that was present on the El Almirante and that his role as one of five crew members on the vessel was not minor in relation to the

conduct which was attributed to him. The court also rejected Torres's argument that his conduct should be compared to the conduct of unidentified higher-level conspirators. Pursuant to a motion for downward departure based on defendant's substantial assistance to authorities under U.S.S.G. § 5K1.1, the court imposed a sentence of 97 months.

## II. DISCUSSION

On appeal, Torres argues that the sentencing court clearly erred in denying him a minor role adjustment. Torres claims he is nothing more than a "mule" in this transaction, and that his actions of moving bales of cocaine from one vessel to another should be compared to the activities of unidentified higher-level members who planned the operation, rather than to the conduct of his fellow crew members. Simply because the conduct of his fellow crew members was no more serious than his own, Torres argues that he should not be precluded from receiving a minor role reduction.

A sentencing court's determination of a defendant's role in an offense constitutes a factual finding that is reviewed for clear error. See United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant bears the burden of proving, by a preponderance of the evidence, that he is entitled

4

to a role reduction.  See id. at 939.

The Guidelines provide for a four-level reduction for a defendant who acts as a minimal participant, a two-level reduction for a minor participant, and a three-level reduction for cases falling in between the minor and minimal level.  U.S.S.G. § 3B1.2.  A minimal participant is a defendant who is "plainly among the least culpable of those involved in the conduct of a group,"  U.S.S.G. § 3B1.2, comment. (n.4), while a minor participant means any participant "who is less culpable than most other participants, but whose role could not be described as minimal,"  U.S.S.G. § 3B1.2, comment. (n.5).

To determine whether a defendant is entitled to a mitigating-role reduction, the district court must first measure the defendant's role in the offense against the relevant conduct for which he has been held accountable.  See Rodriguez De Varon, 175 F.3d at 940.  In cases where the defendant is a drug courier, relevant factual considerations include, but are not limited to: (1) the amount of drugs involved; (2) the fair market value of the drugs involved; (3) the amount of compensation received by the courier; (4) the courier's equity interest in the drugs, if any; (5) the courier's role in planning the scheme; and (6) the courier's role, or intended role, in the distribution of the drugs.  See id. at 945.  Second, the court may compare the defendant's culpability to that of other participants in the relevant

conduct, but "only to the extent that they are identifiable or discernable from the evidence." Id. at 944. "The conduct of participants in any larger criminal conspiracy is irrelevant." Id.

We conclude that the court did not clearly err by denying Torres's request for a minor-role reduction because: (1) it correctly assessed Torres's role in connection with the conduct for which he was held accountable, and not in connection with some larger criminal enterprise; and (2) Torres failed to demonstrate that he was less culpable than the majority of identifiable participants in the offense.

### III. CONCLUSION

Torres appeals his 97-month sentence for possession with intent to distribute cocaine and conspiracy to possess and distribute cocaine. As we have explained, the court did not err when it denied Torres's request for a minor-role reduction of his sentence. Accordingly, we **AFFIRM**.